IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UMIDA IZZATOV, mother and friend of minor R.I., ) ) | |
| Plaintiffs, ) | |
| v. ) ) | |
| VILLAGE OF MUNDELEIN, a municipal corporation, ) and ) POLICE OFC. JEFFREY MARRA; ) POLICE OFC. JACOB OAKES; ) POLICE OFC. ANDREW THOMPSON; ) POLICE OFC. ISRAEL HERNANDEZ; ) POLICE OFC. JAKOB ANDERSON; ) POLICE OFC. BRANDON COULOMBE; ) ) Defendants. ) | PLAINTIFF DEMANDS JURY TRIAL |

## COMPLAINT

NOW COME the Plaintiffs, UMIDA IZZATOV, mother and friend of minor R.I. ("PLAINTIFF"), by and through attorney, Law Office of Joel Rabb & Associates, and complaining of Defendants, VILLAGE OF MUNDELEIN, a municipal corporation, POLICE OFC. JEFFREY MARRA; POLICE OFC. JACOB OAKES; POLICE OFC. ANDREW THOMPSON; POLICE OFC. ISRAEL HERNANDEZ; POLICE OFC. JAKOB ANDERSON; POLICE OFC. BRANDON COULOMBE; (hereinafter referred to as "Officers") states as follows:

### JURISDICTION

1. This action is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343 and 1367.

3. Venue is proper under 28 U.S.C. §1391(b) as the events giving rise to the claims asserted in this complaint occurred in the Northern District of Illinois.

## PARTIES

4. Plaintiff, UMIDA IZZATOV, mother and friend of minor R.I., is, and at all times material was, a citizen of the State of Illinois and the United States.

5. Defendant, POLICE OFC. JEFFREY MARRA ("Marra") was at all times relevant hereto a Mundelein Police Officer employed by the Defendant, VILLAGE OF MUNDELEIN and was acting under the color of law and within the scope of his employment.

6. Defendant, POLICE OFC. JACOB OAKES ("Oakes") was at all times relevant hereto a Mundelein Police Officer employed by the Defendant, VILLAGE OF MUNDELEIN and was acting under the color of law and within the scope of his employment.

7. Defendant, POLICE OFC. ANDREW THOMPSON ("Thompson") was at all times relevant hereto a Mundelein Police Officer employed by the Defendant, VILLAGE OF MUNDELEIN and was acting under the color of law and within the scope of his employment.

8. Defendant, POLICE OFC. ISRAEL HERNANDEZ ("Hernandez") was at all times relevant hereto a Mundelein Police Officer employed by the Defendant, VILLAGE OF MUNDELEIN and was acting under the color of law and within the scope of his employment.

9. Defendant, POLICE OFC. JAKOB ANDERSON ("Anderson") was at all times relevant hereto a Mundelein Police Officer employed by the Defendant, VILLAGE OF MUNDELEIN and was acting under the color of law and within the scope of his employment.

10. Defendant, POLICE OFC. BRANDON COULOMBE ("Coulombe") was at all times relevant hereto a Mundelein Police Officer employed by the Defendant, VILLAGE OF MUNDELEIN and was acting under the color of law and within the scope of his employment.

11. Defendant, VILLAGE OF MUNDELEIN, is a municipal corporation and public entity incorporated under the laws of Illinois.

## FACTS COMMON TO ALL COUNTS

12. On or about December 17, 2021 at 10:40 p.m., R.I., was at the house of an acquaintance in the Village of Mundelein, County of Lake, State of Illinois.

13. At the aforesaid time and place, Officers, each and all which are members of the Mundelein Police Department, in Mundelein police vehicles, arrived at the house and began questioning R.I.

14. R.I. informed the Officers he was fifteen years old.

15. R.I. asked the reason for being stopped.

16. The Officers informed R.I. it was due to curfew violation.

17. R.I. was repeatedly asked by the Officers how much he had to drink.

18. R.I. advised the Officers he was not drinking.

19. Officers then searched R.I.'s person and belongings without cause.

20. R.I. was then asked several times to submit to a Preliminary Breath Test ("PBT"), R.I. refused each request.

21. R.I. informed the Officers he would not consent to the PBT.

22. The Officers then repeatedly informed R.I. that since he was a minor, he did not have to consent to the PBT but instead was obligated to submit to the PBT.

23. After R.I.'s refusal, he was told by the Officers he was under arrest.

24. The Officers then placed R.I. in handcuffs without removing his backpack or allowing R.I. to remove his cellular phone from his hands.

25. During this time, R.I. repeatedly asked to place his cellular phone in his pocket to which the Officers responded "no, you're about to go down to the ground in a second."

26. Officers then grabbed R.I. and aggressively slammed R.I. to the ground.

27. While R.I. was on the ground, unable to defend or protect himself, Officers applied forceful pressure to his neck and face, causing abrasions and bruising to his jaw.

28. Additional responding Officers acted in dereliction of their duties in that they failed to intercede and stop the aggressive detainment of R.I. by their fellow Officers named in this complaint.

29. The above actions by the Officers were unnecessary, deliberately intended to punish and injure R.I., and were willful and wanton.

### COUNT I - 42 U.S.C. § 1983 and 1988

30. Plaintiff re-alleges paragraphs 1-29 as though fully set forth herein.

31. As described in the preceding paragraphs, the intentional conduct of Officers toward R.I. was objectively unreasonable and constitutes excessive force in violation of the Fourth Amendment and the Fourteenth Amendment to the United States Constitution.

32. As a direct and proximate result of Officers use of excessive force, Plaintiff suffered physical and emotional damages which will be proven at trial.

33. One or more of Officers were aware of their fellow officers' misconduct and had a reasonable opportunity to intervene to prevent it but failed to do so.

34. Further, the actions of the Officers were excessive in that R.I. was being detained for a potential curfew violation at 10:40 p.m. on Friday, December 17, 2021.

WHEREFORE, Plaintiffs pray this Honorable Court enter judgment against Defendants, Officers, in an amount sufficient to compensate for the injuries suffered, plus asubstantial sum in punitive damages as well as costs, attorney's fees and such other relief favorableto Plaintiffs that this Court deems just and equitable.

## COUNT II
### 42 U.S.C. §§ 1983, 1985 and 1986

35. Plaintiff re-alleges paragraphs 1-34 as though fully set forth herein.

36. Officers expressly conspired and agreed to violate R.I.'s constitutional rights and to cover up their misconduct, acting in furtherance of this conspiracy as more fully described above.

37. As a direct and proximate result of the Officers' conspiracy, R.I. suffered physical and emotional damages which will be proven at trial.

38. On information and belief, one or more of Officers were aware of their fellow officers' misconduct and had a reasonable opportunity to intervene to prevent it but failed to do so.

WHEREFORE, Plaintiffs pray this Honorable Court enter judgment against Defendant, Officers, in an amount sufficient to compensate for the injuries suffered, plus asubstantial sum in punitive damages as well as costs, attorney's fees and such other relief favorableto Plaintiffs that this Court deems just and equitable.

## COUNT III
### 42 U.S.C. § 1983 *Monell* Claim

39. Plaintiff re-alleges paragraphs 1-38 as though fully set forth herein.

40. R.I.'s injuries in this case were proximately caused by policies and practices of

Defendant, Village of Mundelein, which allows its police officers to violate the constitutional rights of citizens without fear of any real punishment for such misconduct. In this way, Defendant, Village of Mundelein, violated R.I.'s rights since it created the opportunity for Defendant Officers to commit the foregoing constitutional violations.

41. The above-described misconduct has become so common as to be a widespread practice, and so well settled as to constitute *de facto* policy in the police department. This policy was able to exist and thrive because governmental policymakers with authority over the same exhibit are indifference to the problem, thereby effectively ratifying it.

42. The widespread practice described in the preceding paragraphs was allowed to flourish because Defendant, Village of Mundelein, has declined to implement sufficient training and/or any legitimate and/or effective mechanisms for oversight and/or punishment of police officer misconduct.

43. As a direct and proximate result of Defendant, Village of Mundelein's, policies and procedures, R.I. suffered physical and emotional damages which will be proven at trial.

WHEREFORE, Plaintiffs pray this Honorable Court enter judgment against Defendant, Village of Mundelein, in an amount sufficient to compensate for the injuries he has suffered, as well as costs, attorney's fees and such other relief favorable to Plaintiffs that this Court deems just and equitable.

## COUNT IV
### Respondent Superior

44. Plaintiffs re-alleges paragraphs 1-43 as though fully set forth herein.

45. As more fully described above, Officers willfully and wantonly and without legal justification, used physical force upon R.I. without his consent.

46. Further, the Officers created a false version of events to cover up the intentional misconduct.

47. As a direct and proximate result of this intentional misconduct, R.I. suffered physical and emotional harm.

48. Illinois law provides that public entities such as Defendant, Village of Mundelein, are directed to pay any compensatory damages on a tort judgment against an employee who was

acting within thescope of his or her employment.

49. At all times relevant hereto, Defendants, Officers, were agents of Defendant, Village of Mundelein, and acting within the scope of their employment as Village of Mundelein Police Officers. Defendant, Village of Mundelein is therefore liable as principal for all torts committed by Defendants, Officers.

WHEREFORE, Plaintiffs pray this Honorable Court enter judgment against Defendants, Officers and Defendant, Village of Mundelein, in an amount sufficient to compensate for the injurieshe has suffered, as well as such other relief favorable to Plaintiffs that this Court deems just and equitable.

        Respectfully submitted,
        *Plaintiffs*, UMIDA IZZATOV,
        mother and friend of minor R.I.

By: //s/ Joel Rabb
     One of Plaintiffs' Attorneys

Joel Rabb
Law Office of Joel Rabb & Associates
111 West Washington Street
Suite 1750
Chicago, Illinois 60602
Ph. 312-593-8661
Joel@joelrabblaw.com
ARDC No. 6305201